# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES VICTOR ORINGDERFF, JR., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-09-677-F |
| ) | |
| (1) WILLIAM COOPER and ) | |
| (2) - (10) JOHN DOES, Unknown Employees ) | |
| and/or Agents of the Oklahoma Department ) | |
| of Corrections, ) | |
| ) | |
| Defendants. ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, a state prisoner appearing with counsel, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his federal constitutional rights. This matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Defendant, Dr. William Cooper, has filed a Motion for Summary Judgment and Brief in Support [Doc. #10]. Plaintiff has filed a Response [Doc. #15], and Defendant Cooper has filed a Reply [Doc. #16]. For the reasons set forth below, it is recommended that Defendant's Motion be granted. It is further recommended that the John Doe Defendants be dismissed for lack of service of process unless Plaintiff demonstrates good cause for an extension of time to effect service.

## I. **Background Facts/Plaintiff's Claims**

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (ODOC). The circumstances giving rise to Plaintiff's claims occurred while Plaintiff was

incarcerated at an ODOC facility located in Stringtown, Oklahoma. Plaintiff alleges that on May 7, 2007, he was bitten on the toe by a spider. He states that on the following day he sought medical attention for the spider bite and was treated by Defendant, Dr. Cooper. Plaintiff alleges that his condition worsened and that by June 11, 2007, his foot had turned black and he was taken by helicopter to the OU Medical Center in Oklahoma City. On June 27, 2007, Plaintiff's leg was amputated mid-thigh. *See* Complaint at 4 (Factual Allegations) [Doc. #1].

As a statement of his claims, Plaintiff asserts that the deliberate indifference of Dr. Cooper and other unknown medical personnel deprived him of his constitutional rights to be free from cruel and unusual punishment. Complaint at 5 (Claims). Plaintiff seeks compensatory damages, injunctive relief, attorneys fees and costs. Complaint at 5 (Prayer for Relief).

## II.  Standard of Review

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). To defeat a motion for summary judgment, evidence must be based on more than mere speculation, conjecture or surmise. *Rice v. United States*, 166 F.3d 1088, 1091-1092 (10th Cir. 1999). Moreover, the existence of a factual issue does not preclude entry of summary judgment where there is no evidence to support a dispute on that issue or the

evidence is so one-sided that no reasonable juror could find for the other side. *True v. United States*, 190 F.3d 1165, 1177 (10th Cir. 1999).

## III. Analysis

### A. Exhaustion of Administrative Remedies

Defendant Cooper has not addressed the merits of Plaintiff's claims. Instead, Defendant moves for summary judgment on the ground that Plaintiff failed to comply with the exhaustion requirement of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Section 1997e(a) mandates exhaustion of administrative remedies before an action, such as this one, is brought with respect to prison conditions:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). *See also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("[W]e hold that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."); *Wilson v. Seiter*, 501 U.S. 294, 299 n. 1 (1991) (noting that "if an individual prisoner is deprived of needed medical treatment, that is a condition of *his* confinement, whether or not the deprivation is inflicted upon everyone else.").

To comply with the exhaustion requirement, a prisoner must fully observe the prison's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Thus, an inmate who begins the grievance process but does not complete it

is barred from pursuing a § 1983 claim. *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

### 1. The ODOC Grievance Process

In support of his summary judgment motion, Defendant Cooper has submitted a copy of the ODOC's Inmate /Offender Grievance Process, OP-090124 (Grievance Process). *See* Defendant's Motion, Exhibit 4.

The Grievance Process first requires an inmate to attempt to resolve his complaint by speaking to an appropriate staff member within three days of the incident. *See* Grievance Process, ¶ IV(A). If the problem is not resolved verbally, the inmate must proceed to the second step and submit a Request to Staff. *Id*., ¶ IV(B). The Request to Staff must be submitted to the appropriate staff member and must state the inmate's problem, with specificity as to the complaint, dates, places and personnel involved and how the inmate was affected. The Request to Staff must be submitted within seven days of the date of the incident. *Id*., ¶ IV(B).

If dissatisfied with the response to the Request to Staff, an inmate must file a grievance with the reviewing authority or, if a medical grievance, the correctional health services administrator, within fifteen days of the incident or the date of the response to the Request to Staff, whichever is later. *Id*., ¶ V(A), (B). The Grievance Process establishes time frames and procedures for responding to the grievance. *Id*., ¶ V(C).

An inmate wishing to challenge a response to a grievance may file an appeal with the administrative review authority or chief medical officer within fifteen days of receiving the

reviewing authority or correctional health services administrator's response. *Id.*, ¶ VII (A), (B). The ruling of the administrative review authority or chief medical officer is final and concludes the administrative remedy procedures available through the ODOC's Grievance Process. *Id.*, ¶ VII (D).

### 2. Plaintiff's Efforts Towards Exhaustion of Administrative Remedies

Defendant Cooper submits the affidavit of Debbie Morton, employed by the ODOC as Manager of the Administrative Review Unit. Ms. Morton states in her affidavit dated December 2, 2009:

> James Oringderff #237754 has not filed a grievance or submitted correspondence of any type regarding a spider bite or other leg/foot injury which allegedly occurred around May, June or July 2007.

*See* Defendant Cooper's Motion, Exhibit 2, Affdavit of Debbie L. Morton, ¶ 5. Defendant Cooper also submits the affidavit of Mike Murray, employed by the ODOC as Nurse Manager in the Medical Services Administrative Office. Mr. Murray states in his affidavit dated December 3, 2009:

> I have reviewed the offender medical grievance log and the individual offender grievance files maintained by the Medical Services administrative office. No medical grievance appeals, or any other correspondence, have been received from James V. Oringderff Jr., DOC #237754.

*See* Defendant Cooper's Motion, Exhibit 3, Affidavit of Mike Murray, ¶ 3.

In response to Defendant's Motion, Plaintiff submits his own affidavit. He admits that he has not filed a formal grievance with the ODOC "concerning the amputation of [his] leg." *See* Plaintiff's Response, Attachment 1, Affidavit of James Victor Oringderff (Oringderff

5

Affidavit), ¶ 1. He states that prior to the amputation of his leg he submitted four "'sick call' requests concerning the spider bit and related symptoms" and that in response to these requests he was "transported to Coalgate, Oklahoma, where a sonogram was performed on [his] calf, <u>not</u> the foot where the bite was." *See* Oringderff Affidavit, ¶¶ 2-3. He states "nothing else was done by medical staff until I was medi-vaced to O.U. and my leg was amputated." *See id.*, ¶ 4. Plaintiff further states he has submitted nine Requests to Staff regarding various problems with his amputated leg and has received "not a single response." *See id.*, ¶ 5. He does not have a copy of any of these Requests to Staff. *See id.*, ¶ 7.[1] Plaintiff alleges he was unaware that a formal grievance process existed until after his leg was amputated. Plaintiff alleges the attorney representing him in this action made him aware of the formal grievance requirement. *See id.*, ¶ 6.

In his reply, Defendant Cooper "does not concede the assertion that Plaintiff filed nine Requests to Staff" but contends that for purposes of summary judgment, even if Plaintiff's statements are construed as true, Plaintiff has still failed to demonstrate compliance with § 1997e(a)'s exhaustion requirement. Reply at 1, fn 1.

The undisputed facts demonstrate that Plaintiff brought his action before satisfying § 1997e(a)'s exhaustion requirement. Plaintiff concedes he did not file any formal

---

[1] Not only does Plaintiff not submit copies of these Requests to Staff, but also, he alleges no specific facts in either the Complaint or in his affidavit submitted in response to Defendant Cooper's motion, demonstrating the dates of the Requests to Staff, the prison official(s) to whom he submitted the Requests to Staff, or the specific nature of the complaints raised in the Requests to Staff. Plaintiff's allegations regarding these Requests to Staff, therefore, are wholly conclusory and deficient.

6

grievances concerning the claims alleged in this § 1983 action. Yet, as set forth above, in order to comply with the ODOC's inmate grievance process, he was required to file a formal grievance. It is well-established that "[t]o exhaust administrative remedies an inmate must properly comply with grievance procedures; substantial compliance is insufficient." *Fields v. Oklahoma State Penitentiary*, 511 F.3d 1109, 1112 (10th Cir. 2007) (*citing Jernigan*, 304 F.3d at 1032).

As justification for not filing any formal grievance, Plaintiff alleges he was unaware of the formal grievance requirement until advised by the attorney representing him in this action. Plaintiff's allegations are suspect. His own statements demonstrate he clearly knew about the need to file Requests to Staff, thus indicating he had some knowledge of the ODOC's Grievance Process. To the extent prison officials failed to respond to his Requests to Staff, he had a remedy for addressing the failure to respond through the ODOC's Grievance Process.²

Significantly, Plaintiff does not allege prison officials prevented him from filing grievances, only that he did not know he was required to do so. In an unpublished opinion, the Tenth Circuit has rejected lack of notice of a grievance procedure as grounds for excusing

---

²The Grievance Process states:

> If there has been no response in 30 calendar days of submission [of the Request to Staff], the inmate may file a grievance to the reviewing authority with evidence of submitting the "Request to Staff" to the proper staff member. The grievance may assert only the issue of the lack of response to the request to staff.

*See* Defendant's Motion, Exhibit 4, Grievance Process, ¶ IV(B)(7).

7

compliance and held that "as a matter of law, any factual dispute between the parties as to whether or not plaintiff was ever advised or informed of the prison's grievance procedures was not relevant." *Gonzales-Liranza v. Naranjo*, 76 Fed. Appx. 270, 272 (10th Cir. Oct. 2, 2003) (unpublished op.) (*citing Yousef v. Reno*, 254 F.3d 1214, 1221 (10th Cir. 2001)). *See also Chavez v. Thorton*, No. 05-cv-00607-REB-MEH, 2008 WL 2020319 (D. Colo. May 9, 2008) (unpublished op.) ("In th[e Tenth] Circuit, a prisoner's alleged lack of knowledge concerning the Detention Facility's grievance procedure does not excuse his failure to exhaust. If the prison had a written grievance procedure, and prison officials did not attempt to frustrate a prisoner from filing a grievance, the lack of knowledge of the procedure cannot withstand a summary judgment motion.") (*citing Gonzales-Liranza*, 76 Fed. Appx. at 273). Therefore, even construing the facts in the light most favorable to Plaintiff, the record demonstrates Plaintiff failed to comply with § 1997e(a)'s exhaustion requirement prior to filing suit, and his action is therefore subject to dismissal without prejudice on that ground. *See Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir. 2005) (dismissal for failure to satisfy § 1997e(a)'s exhaustion requirement should ordinarily be without prejudice) (*citing Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1213 (10ht Cir. 2003)).[3]

---

[3]In the Reply, Defendant seeks dismissal *with* prejudice for failure to exhaust. *See* Reply at 3-4. Defendant contends that under the ODOC's Grievance Process, Plaintiff cannot now timely submit a grievance and, therefore, he is procedurally barred from pursuing administrative remedies. *See e.g., Ross v. County of Bernalillo*, 365 F.3d 1181, 1186 (10th Cir. 2004) ("the PLRA, like 28 U.S.C. § 2254, contains a procedural default concept within its exhaustion requirement"), *overruled*
(continued...)

**B. Plaintiff's Request to Hold Action in Abeyance Pending Exhaustion of Administrative Remedies**

In responding to Defendant Cooper's Motion, Plaintiff asks this Court to hold the action in abeyance pending exhaustion of administrative remedies. Although not explicitly argued in Plaintiff's Response, it appears that any new action brought after exhausting administrative remedies could be time-barred. Regardless of the reason, however, Plaintiff's request should be denied. When Congress enacted the PLRA in 1996, it eliminated language from the prior version of the statute which had granted district courts discretionary authority to stay a prisoner's § 1983 action "for a period of not to exceed 180 days" while the prisoner exhausted available "plain, speedy, and effective administrative remedies." *See Porter v. Nussle*, 534 U.S. 516, 523 (2002). Consequently, since 1996, §1997e does not contain a subsection "(a)(1)," nor does § 1997e provide for a 180-day extension period. Now, section 1997e(a) of the PLRA mandates that "no action shall be brought" by a prisoner under any federal law until the prisoner has exhausted all "administrative remedies as are available." 42 U.S.C. § 1997e(a); *see also, Porter*, 534 U.S. at 524. Thus, the statutory language does not allow for a stay.

---

[3](...continued)
*on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In support, Defendant cites OP-09-124, ¶ V(A). That provision of the Grievance Process requires a grievance to be submitted "within 15 calendar days of the date of the incident or the date of the response to the 'Request to Staff' form, whichever is later." *See* Defendant's Motion, Exhibit 4, Grievance Process, ¶ V(A). However, the Grievance Process allows an inmate to submit a grievance out of time if he can "prove by substantial evidence that he did not submit the grievance in a timely manner through absolutely no fault of his own." *See id.*, ¶ XII(C). Defendant has not addressed this provision in seeking dismissal with prejudice and, therefore, the present record is not sufficiently developed to make a determination that Plaintiff would be procedurally barred from pursuing administrative remedies.

Interpreting this statutory language, the Tenth Circuit has consistently treated the exhaustion requirement as a condition precedent to filing. *See e.g., Price v. Shinn*, 178 Fed. Appx. 803, 805 (10th Cir. April 28, 2006) (unpublished op.) (PLRA exhaustion requirement requires a prisoner's claim be administratively exhausted prior to filing action in court, rather than during pendency of that action; holding that if matters remain pending in the prison grievance system at the time suit is filed, a prisoner has not complied with § 1997e(a)) (*citing Steele*, 355 F.3d at 1207) ("[r]esort to a prison grievance process must precede resort to a court") (additional citations omitted)). *See also Alloway v. Ward*, 188 Fed. Appx. 663, 666 (10th Cir. June 19, 2006) (unpublished op.) ("We have never held, and decline to do so here, that a district court must stay proceedings when presented with a prisoner's § 1983 conditions-of-confinement complaint containing only unexhausted claims."). For these reasons, Plaintiff's request to hold this case in abeyance pending exhaustion should be denied.[4]

---

[4]Plaintiff's reliance on *Whitington v. Ortiz*, 472 F.3d 804 (10th Cir. 2007) in support of his request for an abeyance is misplaced and that case is inapposite. In *Whitington*, the prisoner filed his § 1983 action approximately 196 days after submitting a Step 3 grievance, the final phase of the applicable grievance policy. Although the policy provided that prison officials must respond to a Step 3 grievance within 45 days, the prisoner had received no response to his Step 3 grievance and so proceeded with filing his § 1983 action. During the pendency of his § 1983 action, prison officials denied the Step 3 grievance and stated the prisoner had exhausted his administrative remedies. Unlike the ODOC's grievance procedure, the policy at issue did not have any recourse for prison officials' failure to timely respond to a grievance. The Tenth Circuit held, under these circumstances, that the prisoner was not required to wait indefinitely for a response to his final grievance before seeking judicial review. *Whitington*, 472 F.3d at 807-808. Significantly, in *Whitington*, the Court was not faced with the issue as to whether an abeyance of the action would be proper pending satisfaction of § 1997e(a)'s exhaustion requirement, but instead was faced with determining whether the prisoner had completed the applicable grievance process.

## IV. Dismissal of John Doe Defendants

In addition to naming Dr. Cooper as a defendant, Plaintiff also asserts his action against nine "John Doe" Defendants, listed in the Complaint only as "Unknown Employees and/or Agents of the Oklahoma Department of Corrections." Plaintiff makes no specific allegations as to these individuals, stating only that these unknown individuals "assisted Dr. Cooper and/or were deliberately indifferent to the medical care of Plaintiff." Complaint at 3.

The Court's records reflect that no service of process has been attempted on the John Doe Defendants, and the 120-day time limit for effecting service or process under Fed.R.Civ.P. 4(m) has expired. Under these circumstances, the Court recommends dismissal of the John Doe Defendants for lack of service of process unless Plaintiff can show cause why an extension of time should be granted.[5]

## RECOMMENDATION

It is recommended that Defendant Cooper's Motion for Summary Judgment [Doc. #10] be granted and that the action against him be dismissed without prejudice for failure to exhaust administrative remedies. It is further recommended that the John Doe Defendants be dismissed without prejudice for lack of service of process under Fed.R.Civ.P. 4(m) unless

---

[5] As set forth above, Plaintiff did not comply with § 1997e(a)'s exhaustion requirement and it appears that any claims he could assert against the John Doe Defendants would arise out of the same circumstances giving rise to his claims against Defendant Cooper. If so, the claims against these unknown defendants would also be subject to dismissal on grounds of failure to exhaust administrative remedies prior to bringing this action.

11

Plaintiff, through his counsel of record, shows cause as to why an extension of time is warranted for service of process on the John Doe Defendants.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. § 636 and Fed.R.Civ.P.72. Any such objections should be filed with the Clerk of the District Court by April 15th, 2010. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 25th day of March, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE